# Exhibit 6

Case 4:23-cv-01789   Document 21-7   Filed on 06/28/23 in TXSD   Page 2 of 3

Rembrandt Diagnostics, LP v. Innovacon, Inc., Not Reported in Fed. Supp. (2018)
2018 WL 9537931

2018 WL 9537931
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

REMBRANDT DIAGNOSTICS, LP, Plaintiff,
v.
INNOVACON, INC., Defendant.

Case No.: 16-cv-0698 CAB (NLS)

Signed 03/23/2018

**Attorneys and Law Firms**

Boris Zelkind, Duane Morris LLP, San Diego, CA, Jared Christian Bunker, Kendall M. Loebbaka, Joseph F. Jennings, Douglas Glen Muehlhauser, &, Knobbe Martens Olson and Bear LLP, Irvine, CA, Jonathan Bachand, Knobbe, Martens, Olson & Bear, LLP, Washington, DC, for Plaintiff.

Amanda Jean Hollis, Pro Hac Vice, Daniel Patrick Gross, Pro Hac Vice, James F. Hurst, Pro Hac Vice, Kirkland & Ellis LLP, Brent P. Ray, Pro Hac Vice, King & Spalding LLP, Chicago, IL, David J. Noonan, Noonan Lance Boyer & Banach LLP, San Diego, CA, Jason M. Wilcox, Pro Hac Vice, Kirkland & Ellis LLP, Washington, DC, Sarah K. Tsou, Pro Hac Vice, Kirkland & Ellis LLP, New York, NY, for Defendant.

### ORDER ON SUBJECT MATTER JURISDICTION

Hon. Cathy Ann Bencivengo, United States District Judge

*\*1* The matter before the Court is a breach of contract action brought by Plaintiff Rembrandt Diagnostics, LP against Defendant Innovacon, Inc. Subject matter jurisdiction was alleged based on diversity jurisdiction. 28 U.S.C. § 1332. The parties have notified the Court that there is not in fact complete diversity and therefore jurisdiction is not proper under section 1332. [Doc. No. 205.] Both parties however contend that this Court still has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because the resolution of the state law contract claim requires a determination of patent infringement and there are patent law counterclaims for noninfringement and invalidity.

Rembrandt sues Innovacon for breach of a patent licensing agreement. Under the terms of the agreement Innovacon is licensed to make and sell products that would "infringe any claim of any Licensed Patents absent [the] Agreement." Rembrandt alleges that Innovacon sold products that are covered by the claims of one or more of the licensed patents and failed to pay the required royalties thereby breaching the contract.

Although Rembrandt's claim is a state law claim, Rembrandt's right to relief necessarily depends a question of patent law. Under 28 U.S.C. § 1338(a), district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents. To determine if Defendant's sales are subject to the contract, there must first be a determination of whether the products Defendant sold would otherwise infringe the patents at issue. This case, therefore, comes within that "special and small category of cases" in which there is federal jurisdiction over a state law claim. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). "A federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disruption the federal-state balance approved by Congress." *Id.* at 1065. *See U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (breach of contract claim arose under the patent laws because the claim required a court to interpret the patents and determine whether the accused product infringed the patents); *Jang v. Boston Sci. Corp.*, 767 F.3d 1334, 1336 (Fed. Cir. 2014) (right to relief on the contract claim as asserted in the complaint depended on whether accused product would have infringed Jangs's patents). [1]

*\*2* Further Innovacon asserts that jurisdiction is proper in federal court based on its counterclaim for patent invalidity and noninfringement. Section 19 of the America Invents Act ("AIA"), amended 28 U.S.C. § 1338 (a) to include that, "No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patent, plant variety protection, or copyrights." *See Vermont v. MPHJ Tech Inv.*, 803 F. 3d 635, 644 (Fed. Cir. 2015) (referred to as the "Holmes Group fix" the amendment is intended to provide federal courts with a broader range of jurisdiction over claims arising under the patent laws even when asserted in counterclaims). As a consequence Innovacon's compulsory counterclaim for the invalidity and noninfringement of the Rembrandt patents that are the subject of the contract claim

Case 4:23-cv-01789   Document 21-7   Filed on 06/28/23 in TXSD   Page 3 of 3

Rembrandt Diagnostics, LP v. Innovacon, Inc., Not Reported in Fed. Supp. (2018)
2018 WL 9537931

could not be heard in state court and give rise independently to federal jurisdiction.

Although there is not complete diversity between the parties in this matter, the Court finds, based on the above analysis, that this Court has subject matter jurisdiction over the claims and counterclaims.

It is **SO ORDERED**.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 9537931

## Footnotes

1   The jurisdictional analysis in both *U.S. Valves* and *Jang* involved whether appellate jurisdiction was properly with the Federal Circuit, under 28 U.S.C. § 1295, or a regional circuit court. In both matters, the district courts had diversity jurisdiction over the asserted state contract claims. *U.S. Valves*, 212 F.3d at 1371 (Dray removed to district court based on diversity); *Jang*, 767 F.3d at 1335 (Jang brought suit in federal court based on diversity of citizenship). The jurisdictional analysis in both matters however reference 28 U.S.C. § 1338, which vests jurisdiction in district courts for matters arising under patent law. The implication is that even if these parties did not have diversity jurisdiction, they could have brought these matters in district court under 28 U.S.C. § 1338 as they necessarily required interpretation of the scope of the patents and whether the accused products were covered by the patents to determine whether there was any right to relief on the contract claim.

**End of Document**                                                © 2023 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.                                    2