# Exhibit 7

2006 WL 8436935
Only the Westlaw citation is currently available.
United States District Court, N.D. Texas, Dallas Division.

BOARD OF REGENTS, the UNIVERSITY OF TEXAS SYSTEM, ON BEHALF OF The UNIVERSITY OF TEXAS SOUTHWESTER MEDICAL CENTER AT DALLAS, Plaintiff,
v.
MISSION PHARMACAL COMPANY, Defendant.

CIVIL ACTION NO. 3:06-CV-0464-P

Signed 06/12/2006

**Attorneys and Law Firms**

[Bill Dawson](#), [Scott W. Breedlove](#), [Stuart Tonkinson](#), Vinson & Elkins LLP, Dallas, TX, for Plaintiff.

[Sean W. Fleming](#), [John H. McDowell, Jr.](#), K&L Gates LLP, [Gregory Perrone](#), [Kelsey M. Weir](#), Patton Boggs LLP, Dallas, TX, for Defendant.

## ORDER

[JORGE A. SOLIS](#), UNITED STATES DISTRICT JUDGE

*1 Presently before the Court is Plaintiff's Motion to Remand and Brief in Support, filed on March 28, 2006. Defendant Mission Pharmacal Company filed a Response to the Motion to Remand on April 17, 2006. Plaintiff filed a Reply on May 6, 2006. For the reasons set forth below, the Court is of the opinion that Plaintiff's Motion to Remand should be DENIED. Plaintiff's request for costs and attorney's fees is DENIED.

## BACKGROUND

Plaintiff The Board of Regents, The University of Texas System, on behalf of the University of Texas Southwestern Medical Center at Dallas ("UT Southwestern" or "Plaintiff") filed this lawsuit in Texas state court against Defendant Mission Pharmacal Company, Inc. ("Mission" or "Defendant"). The lawsuit deals with a Technology License Agreement ("Contract") between the two parties. (Pl.'s Mot. to Remand 2.) In its lawsuit, UT Southwestern asserts a claim based on breach of contract and also requests a declaratory judgment that the Contract requires Mission to pay royalties to UT Southwestern so long as Mission continues to sell products incorporating the Licensed Technology. *Id.* at 2–3. UT Southwestern claims that Mission anticipatorily breached the Contract by unconditionally planning to terminate the agreement and cease paying royalties or license fees relating to the Licensed Technology after March 21, 2006. *Id.* at 2. Mission filed a Notice of Removal on March 15, 2006.

## DISCUSSION

### I. PLAINTIFF'S MOTION FOR REMAND

Mission asserts that removal was proper under [28 U.S.C. § 1441](#) because the District Court of the United States has exclusive original federal question jurisdiction over this action under [28 U.S.C. § 1338(a)](#). (Def.'s Notice of Removal 2.) The well-pleaded-complaint rule governs whether a case "arises under" under federal patent law for purposes of [§ 1338](#). *[Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.](#)*, 535 U.S. 826, 829–30 (2002). The rule provides that "whether a case 'arises under' patent law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration....' " *[Id.](#)* at 830 (quoting *[Christianson v. Colt Indus. Operating Corp.](#)*, 486 U.S. 800, 809 (1988) ). The plaintiff's complaint must "establish either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *[Christianson](#)*, 486 U.S. at 809. A case that raises a federal patent law defense does not, for that reason alone, "arise under" federal patent laws, even if the defense is the only issue in the case. *Id.* However, "a plaintiff may not defeat [§ 1338(a)](#) jurisdiction by omitting to plead necessary federal patent-law questions." *[Id.](#) at 809 n.3.*

The burden of establishing federal jurisdiction rests on the party seeking removal. *[Willy v. Coastal Corp.](#)*, 855 F.2d 1160, 1164 (5th Cir. 1988). "The court may have to examine pleadings filed by the defendant in order to determine whether the plaintiff's complaint is in fact 'well pleaded.' Thus, when a court performs its duty to verify that it has jurisdiction, it may be required to survey the entire record, including the defendant's pleadings, and base its ruling on the complaint,

on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981); *Calvert v. Sharp*, 748 F.2d 861, 862–63 (4th Cir. 1984) ). The purpose and central focus of this survey is to shed light on the plaintiff's pleadings. *Aquafaith*, 963 F.2d at 808.

 *2 "[T]he jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Allen*, 63 F.3d at 1335 (citing *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir. 1993) ). These jurisdictional facts need only be proven by a preponderance of the evidence. See *Allen*, 63 F.3d at 1335–36. "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson*, 645 F.2d at 412–13. "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* at 413 (citing *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977) ). "[A] district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Williamson*, 645 F.2d at 413. "Jurisdictional issues are for the court-not a jury-to decide, whether they hinge on legal or factual determinations." *Id.* The court is entitled to weigh the evidence presented and to make an independent factual determination regarding the existence of jurisdiction. *Id.* However, "the removing party bears the burden of establishing facts necessary to show that federal jurisdiction exists." *Allen*, 63 F.3d at 1335 (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961) ).

UT Southwestern's claims for breach of contract and for a declaratory judgment are based on state law contract rights. However, Mission asserts that these claims necessarily require resolution of a substantial question of federal patent law. (Def.'s Resp. 3.) Specifically, Mission claims that the Contract is a patent license and that UT Southwestern is asking the court to extend Mission's obligation to pay patent royalties beyond the life of the subject patents. *Id.* The enforceability of such an agreement "is a substantial question of federal patent law." *Natec, Inc. v. Deter Co.*, 28 F.3d 28, 29 (5th Cir. 1994). [1]

In order to support its claim that the agreement is a patent license, Mission has provided the Court with correspondence between the parties regarding an amendment to the Contract that refers to the agreement as an "exclusive license" for U.S. Patent No. 4,814,177. (App. to Def.'s Resp. 1, 3.) Also, Mission claims that it received from UT Southwestern an implied license to practice the inventions claimed in U.S. Patent No. 4,772,467 as part of the Contract. (Def.'s Resp. 7–8.) To support this claim, Mission has provided the Court with a letter from the inventor of U.S. Patent No. 4,772,467 that reveals the intention on the part of UT Southwestern to derive a higher royalty payment from Mission in exchange for allowing it to practice the methods claimed in the patent as an additional implied license included in the Contract. (App. to Def.'s Resp. 5–7.)

UT Southwestern, on the other hand, contends that its right to relief does not necessarily depend upon the resolution of a substantial question of federal patent law. In particular, the university takes issue with Mission's characterization of the agreement as simply a patent license. In its opinion, the agreement is not just a "pure patent license," rather it is a "technology license" whose plain language provides for the payment of royalties so long as Mission continues to distribute and sell calcium citrate. (Pl.'s Reply 2.) UT Southwestern further argues that Mission's attempt to characterize the Contract as a pure patent license through the introduction of parole evidence begs the preliminary question of whether the agreement is ambiguous such that it is proper to consider extrinsic evidence. *Id.* at 3–5. According to UT Southwestern, if a court finds that the Contract is unambiguous, then it will never reach the patent law issue.

 *3 Neither UT Southwestern's complaint nor the Contract mentions any patent. However, if the Contract includes, at least in part, a patent license, then UT Southwestern's claims necessarily depend on the resolution of a substantial question of federal patent law and this Court is with jurisdiction to hear those claims. See *Natec*, 28 F.3d at 29; *Brulotte v. Thys Co.*, 379 U.S. 29, 31 (1964); *see also Baladevon, Inc. v. Abbott Labs., Inc.*, 871 F.Supp. 89, 94–95 (D. Mass. 1994) (discussing hybrid royalty agreements). It is unclear whether the parties dispute that the Contract includes, at least in part, a patent license. UT Southwestern, in its briefs, denies that the Contract is a "pure" patent license but never explicitly

denies that the Contract is not at least partly a patent license. (Pl.'s Reply 3, 4.) However, to the extent that the issue is in dispute, the Court finds that the Contract does include, at least in part, a patent license based on the evidence submitted by the Mission.[2] Therefore, the Court finds that it does have jurisdiction based on the complaint supplemented by the undisputed facts, or, alternatively, its resolution of disputed facts. See Williamson, 645 F.2d at 413.

UT Southwestern claims that this case is analogous to Jim Arnold Corp. v. Hydrotech Sys., Inc., 109 F.3d 1567 (Fed. Cir. 1997). (Pl.'s Mot. 5.) In that case, the court determined that it lacked original subject matter jurisdiction because the plaintiff's complaint was premised entirely on state law claims. Jim Arnold, 109 F.3d at 1576. The court stated that "[a] court must review and analyze the plaintiff's pleadings, with special attention directed to the relief requested by the plaintiff, in making the determination as to whether a cause of action arises under the patent laws, or is a cause of action based upon a licensing agreement." Id. at 1575 (quoting Air Prods. & Chems., Inc. v. Reichhold Chems., Inc., 755 F.2d 1559, 1562 (Fed. Cir. 1985)). In *Jim Arnold*, the relief requested by the plaintiff was rescission, a state law contract claim. Jim Arnold, 109 F.3d at 1574. Resolution of the rescission claim did not require resolution of any patent law issues. *Id.* However, in this case, because the contract in issue appears to be, at least in part, a patent license, the relief requested by UT Southwestern is for the enforcement of an agreement to obtain royalties for the use of a patent after it has expired, a substantial question of federal patent law. Natec, 28 F.3d at 29. Furthermore, the court in *Jim Arnold* reiterated that "the court must consider as a whole the substance of the claim in addition to the language of the complaint, and may also consider jurisdictional facts outside the pleadings." Jim Arnold, 109 F.3d at 1576 (quoting Air Products, 755 F.2d at 1561).

Mission has met its burden of establishing that this Court has original subject matter jurisdiction over this case. Under the well-pleaded-complaint rule, Mission has established that federal patent law is a necessary element of one of UT Southwestern's claims in that the relief requested by UT Southwestern is for the enforcement of an agreement to obtain royalties for the use of a patent after it has expired, a substantial question of federal patent law. Natec, 28 F.3d at 29. Therefore, the Plaintiff's Motion to Remand is DENIED.

## II. PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES

In its Motion for Remand, Plaintiff requests an award of costs and attorney's fees it has been forced to incur as a result of the removing Defendant's improper removal. Under 28 U.S.C. § 1447(c), a court remanding a case due to improper removal has discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because the Court finds that Defendant's removal was proper, Plaintiff's motion for costs and attorney's fees is DENIED.

## CONCLUSION

*4 Having reviewed the arguments of the parties and the applicable law, the Court hereby DENIES Plaintiff's Motion to Remand. Further, the Court DENIES Plaintiff's motion for costs and attorney's fees.

**So Ordered.**

**All Citations**

Not Reported in Fed. Supp., 2006 WL 8436935

## Footnotes

1     Such agreements have been found unenforceable for running counter to the policy and purpose of the patent laws. Scott Paper Co. v. Marcalus Mfg. Co., 326 U.S. 249, 256 (1945); Brulotte v. Thys Co., 379 U.S. 29, 31 (1964).

Case 4:23-cv-01789   Document 21-8   Filed on 06/28/23 in TXSD   Page 5 of 5
**Board of Regents University of Texas System on behalf of..., Not Reported in Fed....**
2006 WL 8436935

2    The Court is aware that it should not adjudicate genuine fact disputes if the jurisdictional issue is dependent upon the resolution of fact questions that are intertwined with the merits of the plaintiff's claims. *See Clark v. Tarrant County, Texas*, 798 F.2d 736, 742 (5th Cir. 1986). However, in this case, the merits of UT Southwestern's claims go to whether the royalties can be extended beyond the expiration of the patents. Also, it is unclear whether the interpretation of the Contract as partly a patent license is in dispute as discussed above.

---

**End of Document**                                            © 2023 Thomson Reuters. No claim to original U.S. Government Works.