# Exhibit 8

2015 WL 5093442
Only the Westlaw citation is currently available.
United States District Court,
S.D. Texas,
Houston Division.

LEGACY SEPARATORS LLC, Plaintiff,

v.

HALLIBURTON ENERGY SERVICES INC., Defendants.

Civil Action No. 4:14–CV–2081.

Signed Aug. 28, 2015.

**Attorneys and Law Firms**

R. Paul Yetter, Pamela L. Hohensee, Yetter Coleman LLP, Houston, TX, Mitchell K. McCarthy, Hall Estill, Oklahoma City, OK, for Plaintiff.

Aimee Perilloux Fagan, Meredith Anne Elkins, Phillip M. Aurentz, Scott Wayne Hejny, Theodore Stevenson, III, McKool Smith PC, Dallas, TX, Gerald P. Green, Pierce Couch Hendrickson Baysinger & Green, L.L.P. Oklahoma City, TX, for Defendants.

### OPINION AND ORDER

MELINDA HARMON, District Judge.

 *1 Legacy Separators LLC's ("Legacy") complaint against Halliburton Energy Services, Inc. ("Halliburton") was originally filed March 17, 2014 in the Western District of Oklahoma, Cause Number 5:14–cv–00267; it alleged patent infringement. On July 21, 2014 the Honorable Joe Heaton, United States District Judge, Western District of Oklahoma granted Halliburton's motion to transfer venue to the Southern District of Texas. The case was assigned to the undersigned judge.

On October 20, 2014 Legacy filed a petition in the 281st Judicial District Court of Harris County, Texas against Halliburton Energy Services Inc., Halliburton Global Dit, Inc., Global Oilfield Services, LLC, Oilfield Products Supply Corporation, and J. Wayne Richards for breach of contract and misappropriation of confidential technical and business data. On October 30, 2014 the case was removed to the Southern District of Texas, Houston Division, Cause Number 4:14–cv–3110. This case was assigned to the Honorable Keith P. Ellison.[1]

On November 14, 2014 Halliburton filed an opposed Motion to Consolidate 4:14–cv-3110 (hereinafter referred to as "14–3110") into the lower case number, 4:14–cv–02081 (hereinafter referred to as 14–2081"). The cases were consolidated by order of the undersigned judge on February 3, 2015.[2]

Left pending in 14–3110, after the consolidation with 14–2081, was a Motion to Remand filed by Legacy (14–3110, Doc. 9) on November 19, 2014, a response to that motion filed by Halliburton (14–3110, Doc. 13) on December 8, 2014, and a corrected Reply filed by Legacy (14–3110, Doc. 16) on December 18, 2014.

On August 22, 2014 Halliburton filed an opposed Motion to Add Party Counter–Defendant Guy Morrison III (Doc. 62) and an opposed Sealed Motion for Leave to File First Amended Answer and Original counterclaims (Doc. 63). The counterclaims allege breach of contract, a request for declaratory relief, and counterclaims for patent non-infringement and invalidity.

On October 22, 2014 Legacy filed a motion to voluntarily dismiss 14–2081, without prejudice. Doc. 69. Halliburton responded, opposing the motion. Doc. 77.

On April 22, 2015 the Court held a hearing on the four pending motions in the two consolidated cases:

1. Legacy's Motion to Remand (14–3110, Doc. 9);

2. Halliburton's Motion to Add Party Counter–Defendant Guy Morrison III (Doc 62);

3. Halliburton's Sealed Motion for Leave to File First Amended Answer and Original Counterclaims (Doc. 63);

4. Legacy's Motion to Voluntarily Dismiss 14–2081 (Doc. 69).

**Legacy's Motion to Remand**

Legacy argues in its Motion to Remand in 14–3110 that 28 U.S.C. § 1441(b)(2)[3] requires the remand. Doc. 9 at

2. Although Halliburton mentioned § 1441(b)(2) in its removal papers, diversity is not the ground for the removal. The ground for removal is 28 U.S .C. § 1454, the America Invents Act of 2011. That statute provides:

> **(a) In General**—A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.
>
> **\*2 (b) Special Rules**—The removal of an action under this section shall be made in accordance with section 1446, except that if the removal is based solely on this action—
>
> (1) The action may be removed by any party; and
>
> (2) The time limitations contained in section 1446(b) may be extended at any time for cause shown.
>
> **(c) Clarification of jurisdiction in certain cases**—The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in the civil action because the State court from which the civil action is removed did not have jurisdiction over that claim.
>
> **(d) Remand**—If a civil action is removed solely under this section, the district court—
>
> (1) Shall remand all claims that are neither a basis for removal under subsection (a) nor within the original or supplemental jurisdiction of the district court under any Act of Congress; and
>
> (2) may, under the circumstances specified in section 1367(c),[4] remand any claims within the supplemental jurisdiction of the district court under section 1367.

Legacy argues that even if patent counterclaims are removable under § 1454, there is no patent "case or controversy" in 14–3110, the case originally filed in state court. Yet, at the time the state case was filed in October 2014, Legacy's patent case on the same subject matter was pending in federal court in the Southern District of Texas. The Supreme Court of the United States held in *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) that the case or controversy requirement was satisfied where a patent licensee faced the threat of suit if it ceased making payments under a license agreement, notwithstanding that the licensee's continued royalty payments rendered the prospect of such a suit "remote, if not nonexistent." The Federal Circuit held in *3M Co. v. Avery Dennison Corp.,* 673 F.3d 1372, 1379 (Fed.Cir.2012) that the case or controversy requirement was satisfied based on cease and desist letters and "of course, if a party has actually been charged with infringement of a patent, there is, necessarily, a case or controversy adequate to support [declaratory judgment] jurisdiction.), quoting *Cardinal Chem. Co. v. Morton Intern., Inc.,* 508 U.S. 83, 96, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993). Halliburton points out that "Legacy and its counsel have made their allegations known in written correspondence, oral discussions, and pleadings." Doc 13 at 8.

Legacy also argues that any patent case or controversy in 14–2081, the patent case it filed in the Western District Oklahoma, which was transferred to the Southern District of Houston is now "moot" because Legacy has filed a motion to dismiss the patent claim without prejudice. The patent claim is not moot because Legacy has made it clear that it now only wishes to litigate the contract dispute before taking on the patent claim. It moves for dismissal without prejudice because "Legacy no longer wishes to pursue its patent claim **at this time."** Doc 69 at 1, emphasis added. In its response to Halliburtin's Motion to Add Party Counter–Defendant (Doc. 62), Legacy refers to "a patent claim that Legacy is no longer pursuing **at this time;"** and "it makes sense for Legacy to hold off on its patent infringement claim pending the state court result." Doc. 68 at 3–4, emphasis added. In Legacy's Reply to Haliburton's Response to Legacy's Motion to Remand, Legacy states, "Hypothetically, down the road, there could be a patent case, but it would not begin until after the state case is resolved on the merits. Moreover, to the extent a patent controversy is found to exist, Legacy is willing to stay any patent case pending the resolution of its state law claims in state court." 14–3110, Doc. 16 at 9.

**\*3** In Wright & Miller, Fed. Prac. & Proc. Civ. § 2761 (3d ed.) it is stated, "If the patentee has threatened an infringement suit or has notified the trade that a competitor is infringing, that is enough, and the action can be maintained even though the patentee withdraws his charge of infringement after it is commenced." In *Diamonds net LLC v. Idex Online, Ltd.,* 590 F.Supp.2d 593 (S.D.N.Y.), the district court held that a

dismissal with prejudice did not render a patent counterclaim moot.

Finally, Legacy argues that under *MedImmune,* rejected the former two pronged "bright line test" of the Federal Circuit in favor of a "totality of the circumstances" test for jurisdiction in declaratory judgment actions, 549 U.S. at 127, that Halliburton has not shown, under the totality of the circumstances, that it has asserted affirmative acts of potential infringement sufficient to create a case or controversy. In *Cat Tech LLC v. TubeMaster, Inc.,* 528 F.3d 871, 881 the Federal Circuit held that controversy exists where the evidence showed that the declaratory plaintiff had taken "significant, concrete steps" towards potential infringement and identified relevant products with specificity.

Halliburton argues in its Response in Opposition to the Motion to Remand:

> Halliburton continues to sell the devices Legacy accuses of infringement, and therefore has a strong justiciable interest in pursuing declaratory judgments of invalidity and non-infringement of the ′597 Patent....
>
> Although the MSA [Master Supply Agreement] governs the relationship between the parties and licenses Halliburton to some technology rights, Halliburton now sells separators outside the scope of the MSA. Therefore, the resolution of the parties' rights under the MSA would not eliminate the need for adjudication of Halliburton's patent counterclaims, as Legacy suggests in its motion.

14–3110, Doc. 13 at 2, 15.

Legacy's responds that "Legacy is aware of only one product sold by Halliburton-the Q–Max Gas Bypass....[T]here is no "controversy" as to unnamed other products, as there is no evidence they even exist." 14–3110, Doc. 16 at 6.

Legacy argues that the Court has great discretion to remand the case even if Halliburton's patent counterclaim is removable and is not moot. Legacy cites *Microsoft Corp. v. DataTern, Inc.,* 755 F.3d 899, 903 (Fed.Cir.2014), quoting *MedImmune,* 549 U.S.,127:

> The threshold question for declaratory judgment jurisdiction is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

Legacy finally argues that, pursuant to 28 U.S.C. § 1367(c), its supplemental state law claims should be remanded even if the Court finds there is a case or controversy in Halliburton's declaratory judgement patent claims. Legacy cites all four of the subparts of § 1367. The first subpart provides that if the supplemental state law claim raises a novel or complex issue of state law, the court is not required to assume jurisdiction. Legacy provides no authority to suggest that the supplemental state claims are "novel or complex issues" when compared to similar contract claims in patent cases over which federal courts have exercised original or supplemental jurisdiction.

**\*4** The second subpart provides for claims that "substantially predominate" over the claim or claims over which the district court has original jurisdiction. Legacy would be required to show here that its breach of contract and misappropriation claims substantially predominate over Halliburton's patent infringement counterclaims. Although Halliburton has conceded that the contract claims should be considered prior to the patent claims, Legacy has cited no authority that its contract and misappropriation claims substantially predominate over the patent claims, especially in light of the fact that the first filed case was its own patent infringement claim against Halliburton.

The third subpart provides that a district court may remand supplemental jurisdiction claims when it has dismissed all claims over which it has original jurisdiction. Legacy suggests that its own Motion to Dismiss 14–2081, its original patent case, should rid 14–2081 of all federal claims, leaving only the state law claims of 14–3110, the removed suit. This subpart would work here only if the Court found that Halliburton's patent counterclaim was not a case or controversy.

The fourth subpart provides for the exceptional circumstances which contain other compelling reasons for declining supplemental jurisdiction. Legacy argues that fairness and comity weigh in favor of remand because federal courts are not as well equipped as state courts to determine state law. Federal courts may well be ill-suited to for determinations of state law in exceptional circumstances, but this case, raising contract and misappropriation issues, is not exceptional.

***Legacy's Motion to Voluntarily Dismiss, Without Prejudice***

After 14:3110 was removed and consolidated with 14:2081, and after Halliburton filed motions in 14:2081 to amend (Doc. 63) in order to file its first amended answer and original counterclaims and to add a party as a counter-defendant (Doc. 62), and before the Court could rule on Halliburton's motions, Legacy filed a motion to voluntarily dismiss, without prejudice, 14–2081 (Doc. 69), pursuant to FRCP 41(a)(2), which reads:

Dismissal of Actions

(a) Voluntary Dismissal....

(3) By Court Order; Effect. Except as provided in Rule 41(a) (1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Legacy argues in its motion that "resolving the state-law claims may obviate the need to pursue patent claims at all, it makes sense to first have the contract litigation decided before long, costly, and complex patent litigation is undertaken in federal court." Doc 69 at 1. Legacy continues, "Depending upon how the state litigation turns out, it may be that infringement, invalidity implied license, claim construction, and like issues are irrelevant, and the parties will save significant time and cost by avoiding further litigation." *Id.*

*5 Case law holds that motions for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir.2002); *Durham v. Florida E. Coast Ry.,* 385 F.2d 366, 368 (5th Cir.1967).

Halliburton objects to the voluntary dismissal, arguing that "Legacy seeks to dismiss its claims for patent infringement and trade secret misappropriation so that it can split these claims and pursue them in separate cases." Doc. 77 at 1. This, according to Halliburton, is being done "in an attempt to obtain a double recovery and conceal the fundamental contradiction in its pursuit of mutually exclusive theories of patent infringement and trade secret misappropriation." *Id.* Because, Halliburton maintains, Legacy's claims arise out of the same circumstances, the manufacture, purchase and sale of separators, dismissal without prejudice of Legacy's patent claims would cause plain legal prejudice to Halliburton in that it would frustrate the adjudication of Legacy's claims in one proceeding.

The Court consolidated the two cases so that Legacy's claims could be decided in one proceeding. Legacy's argument that "it makes sense" that state law part of the litigation should be tried first in state court in order to obviate, possibly, the need for a decision on the federal patent law part of the litigation is not persuasive. The argument ignores the possibility of a state court judgment that does not obviate the need for a patent trial, leaving open future inconsistent judgments from state and federal courts. For this reason the argument does not "make sense" unless the patent claims are dismissed with prejudice. Practically speaking all of Legacy's related claims can be tried in federal court, but only the state law claims can be tried in state court.

In *Elabor,* the Fifth Circuit discussed the concept of "plain legal prejudice" sufficient to deny a Rule 41(a)(2) motion to dismiss. *Elabor, 279 F.3d 314, 317*. In footnote three of that opinion the Court quoted from an Eighth Circuit opinion, *Witzman v. Gros,* 148 F.3d 988, 992 (8th Cir.1998):

> We consider the following factors when determining whether a district court abused its discretion in denying a Rule 41(a)(2) motion: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

Points (1), (2), and (4) do not apply to this case, but "(3) insufficient explanation of the need to take a dismissal" is squarely on point. After listening to the arguments of counsel on both sides and reading the briefing it has become clear

Case 4:23-cv-01789   Document 21-9   Filed on 06/28/23 in TXSD   Page 6 of 6

Legacy Separators LLC v. Halliburton Energy Services Inc., Not Reported in F.Supp.3d...

2015 WL 5093442

to this Court that what had seemed extremely complicated, is really rather simple. Legacy wanted to try its patent case in federal court in the Western District of Oklahoma. When the patent case was transferred to the Southern District of Texas, Legacy decided to try its luck in the Harris County District Courts, and filed a non-patent case there, in an attempt to avoid federal court. The extensive pleading, briefing, and argument come down to this single fact. Accordingly, it is hereby

**\*6** ORDERED that Halliburton's Motion to Add Party Counter–Defendant Guy Morrison III to 4:14–cv–02081 (Doc. 62) is hereby GRANTED. It is further

ORDERED that Halliburton's Sealed Motion for Leave to File First Amended Answer and Original Counterclaims in 4:14–cv–02081 Doc. 63) is hereby GRANTED. It is further

ORDERED that Legacy's Motion to Remand originally filed in 4:14–cv–3110 (Doc. 19) is hereby DENIED. It is further

ORDERED that Legacy's Motion to Voluntarily Dismiss 4:14–cv–2081 (Doc. 69) is hereby DENIED.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 5093442

## Footnotes

1   Also on October 30, 2014, Halliburton filed in the state case its answer and counterclaims, subject to its notice of removal. 4:14cv 3110, Doc.1–1 at 16

2   After the consolidation instruments in both cases were filed in the lead case 14–2081. The docket sheet for 143110 reflects instruments filed in that case before the consolidation. The Motion for remand and related documents were filed before the consolidation. In order to avoid confusion, all references to docket numbers in 14–3110 will be preceded by that case number. Docket number references for 14–2081 will be referred to by the docket number alone.

3   🚩28 U.S.C. Sec. 1441(b)(2) reads: a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) ['The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States ....'] of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.''

4   🚩28 U.S.C. § 1367(c) reads: The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

End of Document                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.