# Exhibit P

2022 WL 17683125
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Houston Division.

Lincoln CATCHINS, & Robert Charles Foran III, Plaintiffs,

v.

Derek LOETZERICH, the Law Office of Derek Loetzerich, Robert W. Berleth,

Berleth, Berleth & Associates, PLLC, and Cameron Roesle, Defendants.

CIVIL ACTION NO. 4:22-CV-4223
|
Signed December 14, 2022

**Attorneys and Law Firms**

Robert Foran, Houston, TX, Pro Se.

Lincoln Catchins, Houston, TX, Pro Se.


**ORDER**

Andrew S. Hanen, United States District Judge

**\*1** Pending before the Court is Plaintiffs Lincoln Catchins ("Catchins") and Robert Charles Foran III's ("Foran") (collectively "Plaintiffs") Ex Parte Emergency Motion for Temporary Restraining Order and Injunctive Relief. (Doc. No. 5). The Court hereby **DISMISSES** the case for a lack of subject matter jurisdiction.


## I. BACKGROUND

Plaintiffs brought this suit against Defendants Derek Loetzerich, The Law Office of Derek Loetzerich, Robert W. Berleth, Berleth, Berleth & Associates, PLLC, and Cameron Roesle (collectively "Defendants"), alleging, amongst other causes of action, a violation of their Due Process rights. Additionally, Plaintiffs complain that Defendants are acting in violation of a restraining order and temporary injunction previously issued from a Texas state court.


## II. Legal Standard for Temporary Restraining Order ("TRO")

A party seeking a TRO generally must show, "(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest. *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019). When a party seeks an *ex parte* TRO, however, that party must satisfy further requirements. Specifically, Federal Rule of Civil 65(b) provides, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65.

### III. Analysis

In addition to those elements described above, the primary requirement in every case is that the court must have jurisdiction to act. "Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute." *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429, 435 (5th Cir. 2019) (internal quotes omitted). For that reason, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Absent subject matter jurisdiction, federal courts are without authority to act. *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 927 (5th Cir. 2017). Thus, the Court begins its analysis with determining whether subject matter jurisdiction exists.

The Plaintiffs allege that jurisdiction is proper. Their Complaint states that, "[p]ursuant to 42 U.S. CODE 1983 ... Defendant Robert Berleth and Berleth and Associates were acting on behalf of the State of Texas Court Judgment and Pursuant 42 U.S.C. 1983 those defendants may be held accountable under this section authorizing jurisdiction against those two Defendants." (Doc. No. 1 at 3). Additionally, Plaintiffs state that "[j]ursidiction is appropriate pursuant to 28 U.S.C. 1331 for all defendants." (Doc. No. 1 at 3).

**\*2** Plaintiffs do not allege, and the Court cannot find, that diversity jurisdiction exists. [1] Plaintiffs and Defendants all appear to be Texas residents. For that reason, in order to hear this case, the Court must have federal question jurisdiction. Plaintiffs brought suit for "Malice Actions, Fraud, Conversion, Texas Theft Liability Act, Conspiracy and conspiracy to commit fraud, Professional Misconduct, Participatory and vicarious Liability, Defamation, Tortious interference, Civil Conspiracy, Violation of the United States Constitution under Due Process Clause and Abuse of Receivership assigned duties." (Doc. No. 1 at 1–2). As one can see, the only federal law claim present is the cause of action based upon an alleged violation of the United States Constitution under the Due Process Clause.

[1] Per Plaintiffs' Complaint, "The Plaintiffs are Citizens of Texas. The Defendant's are citizens of Texas in Multi Different Counties." (Doc. No. 1 at 3). Since all parties share the same citizenship, diversity jurisdiction under 28 U.S.C.A. § 1332 does not exist. *See* 28 U.S.C.A. § 1332.

Plaintiffs seek relief for a violation of their due process rights, which implicates 42 U.S.C. § 1983. That statute provides individuals with a right to sue for violations of due process. *See* 42 U.S.C. § 1983. For a plaintiff to properly state a claim under § 1983, he must allege "(1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law." *Bass v. Parkwood*, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks and citation omitted). To satisfy the "under color of state law" element, a plaintiff must allege that the deprivation of rights was a result of a "state action." *Id.* "The Due Process Clause of the Fourteenth Amendment 'offers no shield' against private conduct, 'however discriminatory or wrong.' " *Louisiana Div. Sons of Confederate Veterans v. City of Natchitoches*, 370 F. Supp. 3d 692, 704–5 (W.D. La. 2019), aff'd, 821 F. App'x 317 (5th Cir. 2020), *citing Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974).

The Due Process claim at issue here is alleged against all the Defendants. Defendant Berleth is allegedly a lawyer who works for Berleth & Associates, PLLC. Defendant Berleth & Associates, PLLC is a Texas limited liability company. Similarly, Defendant Loetzerich is a lawyer who works at Defendant The Law Office of Derek Loetzerich, which is a Texas limited liability company. Plaintiffs do not allege, and the pleadings do not demonstrate, that any of the Defendants work for, or on behalf of the state or that anyone connected with the state did anything. Rather, the Defendants are private individuals and entities.

Plaintiffs' theory is that jurisdiction is proper because they are "acting on behalf of the State of Texas Court Judgment." (Doc. No. 1 at 3). Tarrant County Court at Law Number 2 issued a temporary restraining order and temporary injunction, ordering Defendants to cease all collective activities. Allegedly, Defendants Berleth and Loetzerich subsequently filed some action in Fort Bend County District Court 400th Judicial District of Texas, seeking an Ex Parte Emergency Motion for Order Supplementing

2022 WL 17683125

Receivership. Defendants allegedly provided the Fort Bend County District Court with false and fraudulent testimony in their motion and made "perjurious statements without a shred of supporting evidence." (Doc. No. 5 at 2). "Armed with [the Fort Bend County's] ill-gotten order", Defendant Berleth allegedly showed up at Plaintiffs' business with several tow trucks and seized assets. (Doc, No. 5 at 3). Plaintiffs conclude that Defendants were acting in pursuit of to a State of Texas Court Judgment, and therefore contend that state action exists. Neither the Complaint nor the Motion for Ex Parte Emergency Motion for Temporary Restraining Order and Injunctive Relief allege that a state official or agent acted improperly or that the laws or procedures of the state are unconstitutional. Thus, the alleged deprivation complained of was caused by the improper conduct of Defendants and not attributable to some right or privilege created by the law. *Webb v. Webb*, 415 F. Supp. 2d 678, 682 (S.D. Miss. 2006) (court held there was no state action where a plaintiff abused the legal system to obtain a judgment and further misused the law in having the support provision of the judgment enforced); *Dahlberg v. Becker*, 748 F.2d 85, 87-88 (2d Cir. 1984) (court held that private party's misuse of the New York legal system is not fairly attributable to New York State. In that case, the husband brought a § 1983 suit against his ex-wife and her attorney after a fraudulent affidavit was used to obtain an *ex parte* court order which eventually led to the husband's incarceration.). The fact that the alleged bad acts took place by private actors in the process of pursuing a state court order or judgment does not equate to state action that is necessary to establish federal question jurisdiction.

**\*3** If Plaintiffs are convinced that Defendants are violating an injunction issued by a Tarrant County Judge, they should consider having that court enforce its own injunction. Regardless, as alleged, Plaintiffs do not have a valid federal due process claim against Defendants. All of Plaintiffs' other causes of action are brought under state law. Thus, the Court does not have subject matter jurisdiction over the case and must dismiss the case. While this Court would normally wait for the Defendants to reply to the allegations before ruling, it is clear that Plaintiffs feel they need immediate relief since the Plaintiffs have sought an *ex parte* Temporary Restraining Order. Given the apparent emergent nature of this matter and given that the law in this area is clearly established, there is no reason to wait for a response by Defendants. There is nothing either party can do that can confer jurisdiction. *Town of Elgin v. Marshall*, 106 U.S. 578, 580 (1883) ("jurisdiction cannot be conferred by consent of parties, but must be given by the law"); *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("no action of the parties can confer subject-matter jurisdiction.").

### IV. CONCLUSION

It is therefore ordered that this action is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**All Citations**

Slip Copy, 2022 WL 17683125

---

 © 2023 Thomson Reuters. No claim to original U.S. Government Works.