THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., | § § § | |
|     *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:23-cv-01789 |
| GRANT PRIDECO, INC., REEDHYCALOG UK, LTD., REEDHYCALOG, LP, NOV INC., | § § § § | |
|     *Defendants.* | § | |

**PLAINTIFF HALLIBURTON ENERGY SERVICES, INC.'S
SUR-REPLY IN SUPPORT OF HALLIBURTON'S OPPOSITION TO
<u>DEFENDANTS' MOTION TO DISMISS (DKT. NO. 17)</u>**

I.     ARGUMENT

Halliburton's opposition fully addressed NOV's arguments in its opening brief, and Halliburton does not repeat those arguments here. Below, Halliburton addresses five discrete issues raised by NOV's reply brief in support of its motion to dismiss.

***First***, NOV purports to quote *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) to argue that the Court can find a "*[l]ack* of subject matter jurisdiction" based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence [sic] in the record; or (3) the complaint supplemented by undisputed facts [sic]." Reply at 4 (emphasis in original). To start with, NOV incorrectly quotes *Ramming*, as evidenced by the fact that the second and third circumstances are nearly the same. The accurate quotation from *Ramming* defines the second circumstance as "the complaint supplemented by undisputed facts evidenced in the record" and the third as "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161. But, more substantively, NOV incorrectly relies on *Ramming* to argue that if the Court finds any of the three circumstances support a ***lack*** of jurisdiction, the Court should grant NOV's motion to dismiss. Reply at 5. NOV is wrong.

As NOV itself acknowledged in its opening brief, the Court can find jurisdiction "by considering ***any***" of the three circumstances. Mtn. at 6 ("[U]nder 12(b)(1), the court ***may find*** a plausible set of facts by considering ***any*** of" the three circumstances) (quoting *Gonzalez v. SRC Real Estate (TX), LLC*, 2022 WL 1121038, at *1 (S.D. Tex. April 14, 2022) (Hanen, J.)).[1] In other words, as Halliburton argued in its opposition, if the Court finds subject matter exists under any of the three circumstances, then it can and should exercise jurisdiction regardless of whether subject matter jurisdiction exists in the other two circumstances. Indeed, NOV's own cited case,

---

[1]     All emphasis added unless otherwise noted.

1

*Ramming*, acknowledges that "[u]ltimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove **any** set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d. . at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Halliburton's complaint indisputably meets this standard. *See generally* Opp. at 5-14.

**Second**, NOV attempts to avoid the Supreme Court's *Medtronic* holding that federal jurisdiction exists when a licensee, like Halliburton here, brings a declaratory judgment action seeking to establish that it does not owe royalties because its products are non-infringing. Yet by arguing that "Defendants have exhibited zero intent to [terminate the License Agreement for non-payment] or to pursue any infringement claims," NOV ignores that it **has** pursued lawsuits against other entities to recover royalties under agreements apparently similar to Halliburton's License Agreement. Reply at 14; Opp. at 13. Under the law, an intent to pursue litigation to recover royalties is sufficient to create a case or controversy, even if NOV incorrectly denies that the royalty obligations are contingent upon practicing the patents. *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 881 (Fed. Cir. 1983) ("Schwartz filed suit in state court for recovery of the royalties and for greater royalties it claims are due under the agreement on account of the alleged assignment of the license to Delmed. Involvement in that litigation shows a willingness by Schwartz to enforce his patent rights."). Indeed, the Federal Circuit has found the existence of a case or controversy even where a patent owner submitted an affidavit stating it had "no intention of terminating the license agreement or suing for infringement" because "[i]ntentions … may change over time. [The Patent Owner] did not say that he would not terminate the agreement and would not bring an infringement suit." *Id.* NOV's illusory promise in its Reply does not deprive this Court of jurisdiction to resolve what is clearly a dispute between two parties involving legal claims.

***Third***, NOV argues that Halliburton made "the incredibly deceptive argument that in *Kimble v. Marvel Entertainment, LLC*, 576 U.S. 446 (2015), the Supreme Court effectively decided that assertion of a *Brulotte* defense via declaratory judgment action could support jurisdiction." Reply at 16. Not so. As Halliburton explained, NOV argued that "*Brulotte* can ***only*** be pursued as an affirmative defense" and not as a declaratory judgment action. Opp. at 18 (emphasis in original). The fact that the Supreme Court in *Kimble* affirmed a declaratory judgment based on *Brulotte* contradicts NOV's argument that *Brulotte* cannot form the basis of a declaratory judgment action, regardless of how jurisdiction was established. *Id.* NOV's argument is also contradicted by the Fifth Circuit's decision in *Natec, Inc. v. Deter Co.*, 28 F.3d 28, 29 (5th Cir. 1994), in which the Fifth Circuit found a plaintiff seeking a declaration that a license agreement was unenforceable under *Brulotte* raised a "a substantial question of federal patent law." *Id*. Thus, NOV's argument that *Brulotte* cannot be a basis for a declaratory judgment of license unenforceability is contradicted both by *Kimble* <u>and</u> *Natec*, among other cases, and NOV's argument that a declaratory judgment claim based on *Brulotte* cannot form the basis for jurisdiction is contradicted by *Natec*, among other cases.

***Fourth***, NOV relies on the Fifth Circuit's unpublished decision in *Duval Wiedmann, L.L.C. v. Inforocket.com, Inc.*, 374 F. App'x 482, 485 (5th Cir. 2010) to argue that it is questionable whether *Natec* "remains good law." Reply at 16-17. But the Fifth Circuit itself certainly did not think *Duval* called into question *Natec* when it elected to issue *Duval* as an unpublished decision. The Fifth Circuit's rules state that an opinion should be published if it "[e]stablishes a new rule of law, alters, or modifies an existing rule of law …," thus by choosing not to publish *Duval*, the Fifth Circuit inherently rejected NOV's claim that it altered or modified *Natec*. *See* Fifth Circuit Rules and Internal Operating Procedures Rule 47.5. Moreover, *Duval* approvingly cites *Natec* in its

3

decision, even further confirming that the *Duval* panel did not believe its holding was inconsistent with *Natec*. *Duval*, 374 F. App'x. at 483-84. That comports with *Duval*'s facts. In *Duval*, the plaintiff argued an appeal should be transferred from the Fifth Circuit to the Federal Circuit for three reasons, none of which involved declaratory judgment of non-infringement claims or *Brulotte*-based claims. *Id.* at 483. Here, in contrast, Halliburton seeks declarations of non-infringement and thus has claims directly created by federal statute (Counts I, II, and IV), as well as multiple claims involving substantial issues of patent law, including a *Brulotte*-based claim (Counts III, IV, and V). Put simply, *Natec* is good law that was not overruled or called into question by the unpublished decision of *Duval*, and *Natec* firmly establishes that Halliburton's *Brulotte* claim (Count III) raises a substantial question of patent law.

**Fifth**, NOV argues that the "only way" Halliburton's Count IV seeking declaratory judgment of non-infringement of the 12 Core Patents "could arise under the patent law would be if it fit within within the narrow category of state-law claims that meet the" *Gunn* test. Reply at 17. This fundamentally misconstrues Halliburton's argument. While Count IV certainly meets the *Gunn* test for all the reasons articulated in Halliburton's opposition, Count IV also directly arises under the patent laws. Under the License Agreement, an "appealable, unambiguous judgment by a United States District Court" that the 12 Core Patents are not infringed suspends Halliburton's obligation to pay royalties. Dkt. 18-1, Ex. B §§ 8.03(b)-(c). Thus, whether this provision is triggered requires resolution of Halliburton's claim for declaratory judgment of non-infringement of the 12 Core Patents (*i.e.*, Count IV), and a declaratory judgment of non-infringement claim is directly created by federal statute. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents …. No State Court shall have jurisdiction over any claim for relief arising under any Act of Congress relating

4

to patents …"). Under NOV's view, so long as NOV agrees that Halliburton does not infringe the 12 Core Patents, there is no "case or controversy" and therefore Halliburton ***cannot*** obtain the "appealable, unambiguous judgment by a United States District Court" suspending its royalty obligations. That is illogical and illustrates the absurdity of NOV's argument.

## II.   CONCLUSION

For the reasons above and all those set forth in Halliburton's opposition, Halliburton respectfully requests that the Court deny Defendants' Motion.

Dated: July 18, 2023                                       Respectfully submitted,

/s/ Gregg F. LoCascio
Gregg F. LoCascio, P.C.
Attorney-in-Charge
S.D. TX Bar No. 1109276
DC Bar No. 452814
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
Email: gregg.locascio@kirkland.com

Ryan Kane, P.C.
S.D. TX Bar No. 1314513
NY Bar No. 4882551
Chris Ilardi (*pro hac vice*)
NY Bar No. 5403811
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: ryan.kane@kirkland.com
Email: chris.ilardi@kirkland.com

James John Lomeo
S.D. TX Bar No. 3511238
TX Bar No. 24118993
**KIRKLAND & ELLIS LLP**
401 Congress Avenue
Austin, Texas 78701
Telephone: (512) 678-9100
Facsimile: (512) 678-9101
Email: james.lomeo@kirkland.com

*Counsel for Plaintiff*
*Halliburton Energy Services, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on July 18, 2023, in accordance with the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on all registered counsel of record via the Court's PACER/ECF system.

*/s/ Gregg F. LoCascio*
Gregg F. LoCascio, P.C.