UNITED STATES DISTRICT COURT ☆ SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-CV-01789 |
| GRANT PRIDECO, INC., REEDHYCALOG UK, LTD., REEDHYCALOG, LP, NOV INC., | § § § § § § § § | |
| Defendants | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(F)
### FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   The Rule 26(f) conference was held by teleconference on July 26, 2023.

   The following counsel attended on behalf of Plaintiff: Ryan Kane, Greg Polins, and James Lomeo.

   The following counsel attended on behalf of Defendants: Harry Susman and Armando Lozano.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   There is one other pending case that has identified this case as related in its Civil Cover Sheet:

   - *Grant Prideco, Inc. et al. v. Schlumberger Technology Corp. et al.*, Case No. 4:23-cv-00730 (SD. Tex.) ("Related Case").

3. **Specify the allegation of federal jurisdiction.**

   Plaintiff asserts that this Court has original jurisdiction over its claims and has supplemental jurisdiction over all other claims, if any, that it decides it does not have original jurisdiction over, pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), and 1454(a). *See, e.g.*, Dkt. 1 (Complaint) ¶¶ 1–6. Defendants have moved to dismiss. *See* Dkt. 17. Plaintiff opposes Defendants' motion, and its allegations of federal jurisdiction are set forth fully in its opposition and sur-reply briefs. *See* Dkts. 21, 28.

4. **Name the parties who disagree and the reasons.**

   Defendants disagree for the reasons set forth in their motion to dismiss and reply briefs, *see* Dkts. 17, 22, which mirror the issues raised by the Motion to Remand/Dismiss pending in the Related Case. Defendants contend that this dispute is a breach of contract dispute, which arises out of construction of a license agreement the parties entered in 2008 to settle ReedHycalog's patent infringement lawsuit. Halliburton seeks to avoid a state court breach of contract action by asserting a series of declaratory judgment claims in an effort to gin up federal jurisdiction. Defendants contend that by agreeing to participate in discovery, Defendants do not waive any arguments in the pending motion to dismiss.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   No additional parties are anticipated at this time.

6. **List anticipated interventions.**

   No interventions are anticipated at this time.

7. **Describe class-action issues.**

   There are no class action issues.

**8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiffs and Defendants agree that Rule 26(a) initial disclosures will be completed on or before August 11, 2023.

**9.     Describe the proposed agreed discovery plan, including:**

   **A.     Responses to all the matters raised in Rule 26(f).**

   **i.     what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

   No changes will be made in the timing, form, or requirement of disclosures under Rule 26(a). Initial disclosures will be completed before August 11, 2023.

   **ii.     the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

   **Plaintiff's Position**
   Halliburton anticipates taking discovery on all claims and defenses asserted by all parties to this action, including claims for breach of contract and patent infringement. Halliburton's proposal for completing the fact and expert phases of discovery is attached hereto as Exhibit 1. As explained below in item 10, these patent issues are integral to Halliburton's claims. The Local Patent Rules require early disclosure of infringement contentions so that the parties can efficiently utilize the discovery period to take discovery on these contentions. It would be highly inefficient and prejudicial to Halliburton to defer discovery on patent issues until later in the case.

   In contravention of the Federal Rules of Civil Procedure and this District's Local Rules, NOV has proposed placing limits on Halliburton's discovery based on the existence of the Related Case. NOV claims that the agreements are "substantively identical" and that overlapping counsel somehow merits depriving Halliburton of full discovery under the Federal Rules. Not so. The claims and defenses in the present case are not identical to the Related Case, and NOV has made no effort to

consolidate this case with the Related Case. Moreover, though there are similarities between the cases, the agreements were entered into at different times, have different signatories, and this case involves entirely different products. NOV's request is a clear attempt to create one-sided discovery in NOV's favor. Nothing in law or logic justifies such an outcome. Indeed, the fact that NOV's improper conduct impacts multiple industry players only underscores the need for full and fair discovery by their licensees. Finally, NOV argues that this is a breach of contract case, yet NOV has not brought any claims here. NOV's hypothetical claims are not a basis to deprive Halliburton of discovery on its claims.

**Defendants' Position**

Defendants believe that discovery in this case should be coordinated with the discovery in the Related Case. The allegations made by Plaintiff are identical—largely verbatim—to those made by the Defendants/Counterclaim Plaintiffs in the Related Case. This is not surprising given that the contracts at issue are substantively identical and Plaintiff is represented by the same counsel who represents two of the three Defendants/Counterclaim Plaintiffs in the Related Case.

Defendants maintain that this is properly a breach of contract case and that the Plaintiff is attempting to avoid a state court breach of contract action. Defendants have made no allegation of patent infringement against any party and the alleged patent issues asserted by Plaintiff are irrelevant. With this in mind, depending on the Court's ruling on the pending motion to dismiss, Defendants may seek to stay all patent-related discovery pending resolution of the contract issues. Defendants' proposal for completing the fact and expert phases of discovery is attached hereto as Exhibit 2.

**iii.     any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The Parties have reached agreement on the vast majority of the terms of a proposed e-discovery order, which will address the above issues. The parties only dispute the number of custodians.

**Plaintiff's Position**

Halliburton's position is that both sides are entitled to search the e-mails of five custodians, which is fair to both sides, as well as reasonable and proportional to the

needs of the case. NOV's position is that Halliburton should be forced to coordinate with three defendant party groups in an entirely separate litigation to identify five "common custodians," and only be permitted two additional "unique" custodians. This proposal improperly prejudices Halliburton and reflects NOV's attempt to game discovery to its advantage. Under NOV's improper view, it should receive 20 custodians across two cases, while four defendant groups receive a total of 7 custodians—i.e., less than two per defendant group across two litigations. NOV's proposal is also unworkable. NOV listed 11 current or former employees in its initial disclosures for the three defendant groups in the Related Case, *i.e.* nearly four custodians per defendant group. Thus, based on NOV's initial disclosures alone, its 1.75 custodian per defendant group proposal makes no sense. By contrast, Halliburton's proposal of 5 custodians per side in this litigation is reasonable and proportional to the needs of the case. It is in no way "designed to inflict unnecessary cost on [NOV]." NOV also argue that Halliburton is not entitled to five custodians in this case because "they ask[ed] for 15" in the Related Case. First, Halliburton is not a party to the Related Case, so it is not even possible that "they" asked for anything in that matter. Second, NOV has not agreed to provide 15 custodians in the Related Case, making its argument below both misleading and irrelevant. The Court should reject NOV's efforts to override the Federal Rules and place unreasonable limits on Halliburton's ability to prosecute its case.

**Defendants' Position**
Defendant's position is that, given the issues and discovery in the Related Case, the parties should coordinate discovery across the two cases. The Plaintiff in this case will benefit from the discovery from five custodians in the Related Case and an additional two unique custodians for this case. In contrast, Plaintiff contends that Defendants should be required to produce e-mail from an additional five custodians on top of the custodians in the Related Case (for which they ask for 15). Plaintiff's proposal is designed to inflict unnecessary cost on Defendants without any justification. The Parties have not even exchanged initial disclosures identifying people with potentially relevant information, so Plaintiff has zero basis for claiming to need email from an additional five custodians. Coordinating discovery with the Related Case and allowing the Plaintiff an additional 2 custodians reflects the limited factual nature of the issues in dispute.

**iv.     any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims**

**after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The Parties agree to the provisions in Federal Rule of Evidence 502. The Parties are also negotiating the terms of an e-discovery order that may further address these issues. *Supra* Section 9.A.iii

**v.     what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

<u>**Interrogatory Limits:**</u>

**Plaintiff's Position**
Halliburton's position is simple and consistent with the Federal and Local Rules: each side is entitled to 25 interrogatories. Despite recognizing that Halliburton's proposal is consistent with the Federal and Local Rules, NOV seeks to deviate from the standard rules by again requiring Halliburton to coordinate with third parties in a separate litigation. NOV has not sought to consolidate the cases. NOV's proposal cuts—by over half—the number of interrogatories Halliburton can serve. This arbitrary limit prejudices Halliburton's ability to pursue its claims against NOV. To be clear, the claims and defenses between the two litigations differ. For example, certain defendants in the other litigation assert claims of invalidity, whereas Halliburton does not assert any such claim here. Further, though each party asserts claims of non-infringement, the non-infringement arguments will necessarily vary based on each party's products or processes at issue. By reducing the number of interrogatories Halliburton may serve while also requiring Halliburton to coordinate with parties in a separate litigation with different claims and defenses, NOV's proposal improperly limits the number of interrogatories Halliburton may serve. Meanwhile, NOV will be able to serve ***100 interrogatories*** between the two cases. NOV's attempt at one-sided discovery should be rejected. Halliburton is entitled to propound 25 interrogatories and anything less than that hinders its ability to pursue its claims against NOV.

**Defendants' Position**
Under the Federal and Local Rules, Plaintiff is entitled to serve 25 interrogatories, and Defendants are entitled to serve 25 interrogatories on Plaintiff. However, the Defendants contend that discovery should be coordinated with the Related Case. Therefore, Defendants propose that the Plaintiff be allowed 15 common interrogatories with each Defendant group in the Related Case and an additional 10

unique interrogatories. In addition, Defendants would be limited to asking 15 common interrogatories (i.e., containing the substantially the same language modified only to reflect the Plaintiff in this case) from the Related Case and 10 unique interrogatories.

**Deposition Limits:**

**Plaintiff's Position**

Halliburton proposes that each side be permitted a total of 70 hours to depose up to 15 witnesses, including third parties, with no single deposition exceeding 7 hours on the record absent good cause. Halliburton's proposal is consistent with the Federal Rules and is fair to both sides.

NOV's proposal, on the other hand, is inconsistent with the Federal Rules and uniquely prejudices Halliburton. NOV proposes that Halliburton and the three defendant party groups from a separate litigation be limited to "a collective total of 140 hours." That makes little sense. Under NOV's proposal, if an entirely separate defendant in an entirely separate litigation deposes a witness relevant to its case, the time limits Halliburton's ability to depose other witness, *regardless of whether that witness is relevant to Halliburton's claims and defenses*. NOV provides no justification for this illogical and prejudicial limitation, and the Court should reject it.[1]

**Defendants' Position**

Defendant proposes that discovery be coordinated with the Related Case. In that case, the Defendant groups are allowed a collective total of 120 hours of party and third-party fact depositions. Given the additional party, Defendant proposes an additional 20 hours be added to the time agreement in the related case giving the Plaintiff and Defendant Groups in the Related Case a collective total of 140 hours of party and third-party fact depositions.

---

[1] NOV proposed a collective 120 hours of deposition time for the three defendants in the separate litigation, and a collective 140 hours of deposition time here. It appears (though it is unclear) that NOV is seeking to modify its position in that separate litigation without filing any notice or motion seeking to do so. Indeed, there is no indication that NOV has notified those other parties of a proposed modification. Notably, Varel International Energy Services, Inc. and Varel International Industries, L.P. are represented by entirely separate counsel who have not appeared in this matter.

      **vi.**    any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The Parties have agreed on the terms of a Protective Order, have attached it hereto as Exhibit 3, and respectfully request that the Court "So Order" it on the docket.

**B.**     **When and to whom the plaintiffs anticipate they may send interrogatories.**

Plaintiffs anticipate sending interrogatories to all of the Defendants before discovery is concluded.

**C.**     **When and to whom the defendants anticipate they may send interrogatories.**

Defendants anticipate sending interrogatories to the Plaintiff before discovery is concluded.

**D.**     **Of whom and by when the plaintiffs anticipate taking oral depositions.**

As soon as practicable after the production of written documents has begun, Plaintiff anticipates taking the depositions of fact witnesses identified in Defendants' forthcoming initial disclosures, fact witnesses identified during discovery, and one or more corporate representatives designated pursuant to Federal Rule of Civil Procedure 30(b)(6), including witnesses knowledgeable about the negotiation of, formation of, enforcement of, term of, royalties paid, and royalties allegedly owed for the patent license at issue in this litigation; U.S. Patent No. 7,568,534 and U.S. Patent No. 8,721,752 generally, including the inventors of, the subject matter of, the construction of any term of, and infringement of, the '534 and '752 patents; Defendants' revenue and their claim for damages, if any; and other topics that discovery may reveal.  Depositions of third parties may also be necessary.

**E.**     **Of whom and by when the defendants anticipate taking oral depositions.**

As soon as practicable after the production of written documents has begun, Defendants anticipate taking the depositions of fact witnesses identified in Plaintiff's forthcoming initial disclosures, fact witnesses identified during discovery, and one or more corporate representatives designated pursuant to Federal Rule of Civil Procedure 30(b)(6), including witnesses knowledgeable about the negotiation of, formation of, enforcement of, term of, royalties paid, and royalties owed for the products at issue in this litigation.

F.    **When the plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

The Parties anticipate providing opening and responsive expert reports in accordance with their proposed schedules attached as Exhibits 1 and 2.

G.    **List expert depositions the plaintiffs (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

The Parties anticipate taking depositions of all experts disclosed by the Parties before the close of expert discovery.

H.    **List expert depositions the opposing parties anticipate taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

The Parties anticipate taking depositions of all experts disclosed by the Parties before the close of expert discovery.

10.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

**Plaintiff's Position**
Halliburton proposes that this Court enter the standard patent schedule set forth by this District's Local Patent Rules. Halliburton's complaint seeks a declaratory judgment that certain patents are not infringed, along with other claims arising under the patent laws of the United States. Dkt. 1; *see also* Dkt. 21. In this Court, the Rules of Practice for Patent Cases "apply to all civil actions filed in or transferred to the Southern District of Texas that allege claims for patent infringement in a complaint, counterclaim, cross-claim or third-party claim, or seek a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable (a 'patent claim')." P. R. 1-2(a). Unless and until this Court dismisses those claims, the Local Patent Rules should apply, Applying the rules makes sense here, as they provide for an ordered exchange of infringement contentions and a schedule to resolve claim construction disputes.

NOV contends that this case should nevertheless proceed on a non-patent discovery schedule. In doing so, NOV effectively presumes the Court will grant its motion to dismiss. But the Court has not done so, and NOV provides no basis to ignore the Local Patent Rules.

Indeed, NOV still refuses to stipulate to non-infringement and argues that it *may* later decide to assert that NOV's products are covered by a claim of the patents at issue (which is an allegation of infringement in substance, if not in name). This is inefficient and a waste of judicial and party resources. The Local Patent Rules require early disclosure of infringement contentions precisely so that the parties have sufficient time to conduct discovery and mount their claims and defenses. *E.g.*, *Lubrizol Specialty Prod., Inc. v. Flowchem LLC*, 165 F. Supp. 3d 534, 538 (S.D. Tex. 2016) ("This federal district has in place comprehensive procedures for use in patent cases. Those procedures require detailed infringement contentions to be filed early in the litigation."); *ConocoPhillips Co. v. In-Depth Compressive Seismic Inc.*, No. 4:20-CV-04385, 2021 WL 1854516, at *4 (S.D. Tex. May 10, 2021) (noting "the obligations imposed by the local rules on plaintiffs to disclose with specificity asserted claims and preliminary infringement contentions at a very early stage"). Under NOV's proposal, the parties may proceed through the entire discovery period without an allegation of infringement from NOV, only for NOV to change their mind and assert that products are "covered" by their patents (i.e., infringe) at the end of discovery, which would then cause significant delay so that the parties can shift and proceed under the normal patent rules. NOV also contends that Halliburton "injected" patent issues into the case. Not so. Halliburton filed this lawsuit to seek relief based on patent issues and has not "injected" anything into a case. Indeed, NOV has not raised any claims at all against Halliburton.

Halliburton respectfully requests that the Court either set a patent schedule that requires NOV to disclose its infringement contentions early in the case, if any, or require NOV to stipulate to non-infringement now. The Local Patent Rules speak directly to the situation that the parties are in now and require NOV to disclose its infringement contentions early in this case. Even if the Local Rules did not, they also give this Court discretion to "accelerate, extend, eliminate, or modify the obligations or deadlines established in these Patent Rules based on the circumstances of a particular case." P. R. 1-2. As explained above, the circumstances of this case dictate that NOV should disclose its infringement contentions early and the remainder of the case should proceed according to a patent schedule. To defer these major patent issues until later will do nothing but waste significant judicial and party resources.

**Defendants' Position**
Defendants do not believe that the Rules of Practice for Patent Cases ("Local Patent Rules") should apply to this dispute. This is not a patent case. The case is a breach of contract case where the contract happens to arise from a patent dispute. The only reason patent issues have been injected into the case is because Plaintiff has filed improper declaratory judgment claims to avoid a state court breach of contract action. Further, even if the patent issues were relevant (which they are not) the Local Patent Rules were not

written for cases such as this where the patent holder does not claim infringement because a license exists.

Plaintiff wants the Court to enter a traditional patent schedule. Under Rule 3.5(a), however, the patent holder does not have to comply with the infringement contention requirements "unless and until [it] makes a patent infringement claim." As noted above, Defendants will not make a patent infringement claim since Plaintiff enjoys a license. (At most, depending on the legal rulings and discovery, Defendants may assert that Plaintiff's products are covered by a claim of the patents at issue.)

Given all of the above, Defendants believe it makes more sense to enter a traditional fact discovery schedule. To the extent a party believes a patent issue is relevant, the party can attempt to use traditional discovery tools to pursue such discovery, and the parties/court can address any relevance issues just as any other contested discovery issue would be handled.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   The Parties will have produced readily available documents before the August 16, 2023 conference.

12. **State the date the planned discovery can reasonably be completed.**

   The Parties anticipate that the planned discovery can reasonably be completed by the dates they have set forth in their respective proposed schedules, attached as Exhibits 1 and 2.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   The Parties discussed the possibilities for a prompt settlement or resolution of the case during the Rule 26(f) meeting and agreed to continue their discussion as the case progresses.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The Parties believe that potential settlement or resolution discussion may be better informed once the Court has ruled on the pending motion to dismiss and once some discovery has occurred. The Parties anticipate discussing mediation or other potential settlement or resolution after the Court rules on the pending motion to dismiss and after at least some discovery has taken place.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    The Parties believe that mediation may be appropriate after the Court rules on the pending motion to dismiss and after at least some discovery has taken place.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not consent to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made in this case. Depending on the resolution of the pending motion to dismiss, Defendants may request a jury trial.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate that trial would be four days (two days for the Plaintiff to present evidence, two days for Defendants).

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    There are no pending motions that could be ruled on at the initial pretrial and scheduling conference.

20. **List other motions pending.**

    Defendants' motion to dismiss. *See* Dkt. 17, 21, 28.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    *See* additional matters, as required by P.R. 2-1(a):

A. **any proposed modification of the schedule provided in the Scheduling Order Template, which is available on the District's website;**

Plaintiff proposes to follow the patent Scheduling Order Template, as explained above in Paragraph 10. Defendants disagree as set forth above in Paragraph 10.

B. **a plan for completing electronic discovery;**

The Parties will submit a proposed e-discovery order. *Supra* Section 9.A.iii.

C. **the need for presenting technical tutorials to the presiding judge and the mode for such presentations (i.e., live testimony, video presentations) at or before the claim construction hearing;**

**Plaintiff's Position**
At this time, Plaintiff believes that a technical tutorial may be helpful but the need for one will likely depend on the disputes, if any, that arise during claim construction exchanges.

**Defendants' Position**
Defendants believe that a technical tutorial is not necessary and would not be helpful given that the matter before the Court is simply one of contract construction.

D. **any deviations from and additions to the form protective order (available at the District's website);**

The Parties proposed Protective Order attached as Exhibit 3 contains minor deviations to the form protective order shortening the time to object to experts who will receive the other party's confidential or highly confidential information and adjusting the document destruction requirements at the conclusion of litigation.

E. **whether any party desires to present live testimony at the claim construction hearing;**

Defendants believe that a claim construction hearing is not needed. Plaintiff disagrees and believes that a claim construction hearing will be necessary unless Defendants agree with any and all claim constructions that Plaintiff may propose. At this time, the Parties do not anticipate needing to present live testimony at any claim construction hearing should one be conducted. However, in the event a claim construction hearing is held, should a party believe that live testimony is desirable after the Parties exchange claim construction positions and supporting evidence, the party will promptly update the Court.

F. **the need for and any specific limits on discovery relating to claim construction, including depositions of fact and expert witnesses;**

None at this time.

G. **the order of presentation at the claim construction hearing;**

Defendants do not believe that a claim construction hearing is necessary. Plaintiff believes that a claim construction hearing will be necessary unless Defendants agree with any and all claim constructions that Plaintiff may propose. Should a claim construction hearing be held, the Parties anticipate that the order of presentation will depend on the number of terms at issue and the Parties arguing the terms.

H. **the scheduling of a claim construction prehearing conference after the "Joint Claim Construction and Prehearing Statement" provided in P.R. 4-3 has been filed;**

Defendants do not believe that a claim construction hearing is necessary. Plaintiff believes that a claim construction hearing will be necessary unless Defendants agree with any and all claim constructions that Plaintiff may propose. At this time, the Parties do not anticipate requesting a claim construction prehearing conference, but may seek one depending on the issues that arise during claim construction proceedings.

I. **whether pre- or post-AIA law regarding 35 U.S.C. § 102 is applicable to each patent-in-suit; and**

Based solely on the filing dates listed on the faces of the '534 and '752 patents, pre-AIA law appears to apply.

J. **whether the presiding judge should authorize the filing under seal of any documents containing confidential information.**

The Parties request that the Court authorize the filing under seal of any documents containing confidential information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of the Proposed Protective Order attached as Exhibit 3.

**22.** List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Plaintiff**:

Gregg F. LoCascio, P.C.
S.D. TX Bar No. 1109276
DC Bar No. 452814
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Email: gregg.locascio@kirkland.com

Ryan Kane, P.C.
S.D. TX Bar No. 1314513
NY Bar No. 4882551
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Email: ryan.kane@kirkland.com

Chris Ilardi (admitted *pro hac vice*)
NY Bar No. 5403811
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Email: chris.ilardi@kirkland.com

Greg Polins (*pro hac vice* to be filed)
IL Bar No. 6309928
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Email:  greg.polins@kirkland.com

James John Lomeo
S.D. TX Bar No. 3511238
TX Bar No. 24118993
401 Congress Avenue
Austin, Texas 78701
Telephone: (512) 678-9100
Facsimile: (512) 678-9101
Email: james.lomeo@kirkland.com

**Counsel for Defendants**:

Harry P. Susman
Texas Bar No. 24008875
SDID No. 23067
Telephone: 713.651.9366
hsusman@susmangodfrey.com

Armando Lozano
Texas Bar No. 24120467
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: 713.651.9366
alozano@susmangodfrey.com

Dated:  August 2, 2023

*/s/ Gregg F. LoCascio*
Gregg F. LoCascio, P.C.
S.D. TX Bar No. 1109276
DC Bar No. 452814
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Email: gregg.locascio@kirkland.com

Ryan Kane, P.C.
S.D. TX Bar No. 1314513
NY Bar No. 4882551
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Email: ryan.kane@kirkland.com

Chris Ilardi (admitted *pro hac vice*)
NY Bar No. 5403811
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Email: chris.ilardi@kirkland.com

Greg Polins (*pro hac vice* to be filed)
IL Bar No. 6309928
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Email:  greg.polins@kirkland.com

James John Lomeo
S.D. TX Bar No. 3511238
TX Bar No. 24118993
401 Congress Avenue
Austin, Texas 78701
Telephone: (512) 678-9100
Email: james.lomeo@kirkland.com

**Counsel for Plaintiff Halliburton Energy Services, Inc.**

Respectfully Submitted

*/s/ Harry P. Susman*
Harry P. Susman
Texas Bar No. 24008875
SDID No. 23067
Telephone: 713.651.9366
hsusman@susmangodfrey.com

Armando Lozano
Texas Bar No. 24120467
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: 713.651.9366
alozano@susmangodfrey.com

**Counsel for Defendants Grant Prideco, Inc., ReedHycalog UK, Ltd., ReedHycalog, LP, NOV Inc..**

**CERTIFICATE OF SERVICE**

    I hereby by certify that the foregoing document was electronically served on all registered counsel of record via the Court's PACER ECF system.

                                                       */s/ Gregg F. LoCascio*
                                                       Gregg F. LoCascio, P.C.