United States District Court
Southern District of Texas
**ENTERED**
October 06, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., | § § § § | CIVIL ACTION NO. 4:23-cv-01789 |
| *Plaintiff,* | § § § | |
| vs. | § § § § | |
| GRANT PRIDECO, INC., REEDHYCALOG UK, LTD., REEDHYCALOG, LP, NOV INC., | § § § § § | |
| *Defendants.* | § § § § § § § § | |

1

## E-Discovery Order

This Order supplements all other discovery rules and orders. Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

1. **General ESI production**. Absent agreement of the parties or further order, the following parameters apply to ESI production:
   a. **Document image format**. A producing party must produce each electronic document in single-page Tagged Image File Format and associated multi-page text files containing extracted text or OCR. TIFF files must be single page and named with a unique production number followed by the appropriate file extension. Load files must be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes must be maintained as they existed in the original document.
   b. **Metadata**. The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

    c. **Footer.** Each document image must contain a footer with a sequentially ascending production number.

    d. **Native files.** The only files that should be produced in native format are files not easily converted to image format, such as Excel, Access, and PowerPoint files. In addition, a party receiving a document produced in TIFF may make a reasonable request after review to receive the document in its native format. Upon such request, the producing party must produce the document in its native format or bring concerns of burden to the requesting party's attention.

    e. **No backup restoration required.** Absent a showing of good cause, when complying with discovery obligations in the present case, no party need restore any form of media upon which backup data is maintained in a party's normal operations. This includes without limitation backup tapes, disks, SAN, and other forms of media.

    f. **No need to collect and preserve certain ESI.** Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be collected and preserved.

2. **E-mail production.** Absent agreement of the parties or further order, the following additional parameters apply to email production under Rules 34 and 45, or compliance with a mandatory disclosure requirement of this Court:

    a. **Production timing.** E-mail production requests must be phased to occur with reasonable dispatch after the parties have exchanged:
   - Initial disclosures;
   - A specific identification of the 5 most significant e-mail custodians for Plaintiff and 5 most significant e-mail custodians for

3

      Defendant in view of the pleaded claims and defenses; and

The exchange of this information must commence within thirty days of such initial disclosures unless the parties mutually agree to another time.

b. **Identification of custodians.** The most significant e-mail custodians are the custodians most likely to have discoverable information in their possession, custody or control. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information. The Court may require production from additional e-mail custodians upon a showing of good cause after the requesting party reviews the initial production.

c. **Search terms.** The producing party must disclose the search terms that it intends to use for each custodian. Following such disclosure, absent a showing of good cause, a requesting party may request no more than 10 additional terms per custodian to be used in connection with each e-mail search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. The producing party shall then use all such terms to search the e-mails of the relevant custodians.

d. **Limits on E-mail Production.** The producing party shall not be obligated to utilize search terms that identify more than 5,000 e-mails per e-mail custodian. To the extent the proposed search terms result in more than 5,000 e-mails per custodian, the parties shall mutually agree to narrow the search terms and/or time period being searched so that the total number of e-mails per custodian is less than or equal to 5,000. For purposes of this paragraph, one e-mail together with any any all attachments count as one e-mail. For example, an e-mail with 10 attachments counts as one of the 5,000 e-mails.

4

3. **Best efforts and cost-shifting.** The parties must use best efforts to work cooperatively and in good faith to narrow queries as necessary to reasonably reduce the burden on the searching/producing party. The Court will consider the extent of cooperation and good faith when determining whether to shift costs for disproportionate discovery, where applicable. The Court will specifically consider a party's efforts to promote efficiency and reduce costs in this regard.
4. **Disputes.** The parties must confer in good faith before bringing any dispute to the attention of the Court. Proceed according to Section 8 of this Court's procedures published on its website.
5. **No waiver.** The mere production of ESI in this litigation as part of a mass production does not itself constitute a waiver for any purpose.
6. **Inadvertent production.** The inadvertent production of ESI that includes privileged material, including attorney/client or attorney work product material, is not a waiver in the pending case or in any other federal or state proceeding. FRE 502(d).
7. **Privilege logs.**
   a. The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.
   b. With respect to the parties' communications with their counsel that were both generated after the filing of Plaintiff's complaint (May 15, 2023) and do not include any third-party, the parties are not required to include any such information in privilege logs.
   c. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (8).

8. **Other rules remain applicable.** Nothing in this Order affects the parties' discovery obligations under the Federal Rules, the Local Rules, or this Court's Procedures. But on any inconsistency applicable to ESI, the Court will apply this Order first.

Signed on _October 3, 2023_, at Houston, Texas.

Hon. Andrew S. Hanen
United States District Judge

**Schedule A**

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Voice messages.

6. Messaging applications: instant messages, text messages, Discord, LINE, Messenger by Meta f/k/a Facebook Messenger, Signal, Skype, Slack, TEAMs, Telegram, WhatsApp, Yammer, and the like.

7. Other electronic data stored on a mobile device, such as calendar or contact data or notes.

8. Logs of calls made from mobile devices.

9. Server, system or network logs.

10. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

11. Data remaining from systems no longer in use that is unintelligible on the systems in use.