**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

October 27, 2023

**By E-mail**

Hon. Andrew S. Hanen
c/o Rhonda S. Hawkins, Case Manager
United States Courthouse
515 Rusk Street, Room 8613
Houston, Texas 77002

                Re: Pre-Motion Conference Letter in *Halliburton Energy Services, Inc. v. Grant Prideco, Inc., et al.*, Civil Action No. 4:23-cv-01789 ("the '1789 Case").

Dear Judge Hanen:

    I write on behalf of Halliburton Energy Services, Inc. ("Halliburton") in response to Plaintiffs' pre-motion conference letter requesting consolidation for discovery purposes only of the above-captioned case with *Grant Prideco, Inc. et al. v. Schlumberger Technology Corp.*, Civil Action No. 4:23-cv-00730 ("the '730 Case"). Dkt. 47.

    As an initial matter, NOV's[1] letter to the Court did not comply with the Court's Civil Procedure Rule 8 because NOV failed to raise—let alone confer about—its request to consolidate the '1789 Case and '730 Case for purposes of discovery.[2] Halliburton is willing to confer with NOV regarding potential consolidation. Accordingly, Halliburton requests that the Court allow the parties to meet and confer prior to holding a pre-motion conference.

    Though Halliburton is interested in, and fully supports operating efficiently in this litigation (without sacrificing its right to fair discovery), NOV's letter brief ignores that there are meaningful differences between the cases and that the parties will have to work out specific issues before discovery consolidation can occur.

    ***First***, each license was entered into at different times, which (at least according to NOV) impacts the scope of the license. For example, due to the timing of the execution of the license agreement between Halliburton and NOV, this case does not involve all of the alleged Licensed RH Patents at issue in the '730 Case.

---

[1] "NOV" refers to Defendants Grant Prideco, Inc., Reedhycalog UK, Ltd., Reedhycalog, LP, and National Oilwell Varco, LP.

[2] NOV also violated Rule 8 by submitting a letter brief rather than "an agenda for the pre-motion conference [that] should simply set out the dispute."

**KIRKLAND & ELLIS LLP**

October 27, 2023
Page 2

**Second**, Halliburton and the Defendants in the '730 Case each have distinct non-infringement patent claims related to their own individual products.  Whether one party's products practice an alleged Licensed RH Patent has no factual overlap with any other party's claim of non-infringement.

**Third**, the Defendants in the '730 Case have raised defenses and counterclaims that are not at issue in this case.  For example, the SLB Defendants have raised defenses and counterclaims related to invalidity that are not at issue in this case.  As another example, the Varel Defendants have raised antitrust and illegal tying defenses and counterclaims.

**Fourth**, though the lawyers in the two cases overlap, AZA has not appeared in the '1789 Case.  There is a good reason for that—AZA currently represents Halliburton in other cases and cannot concurrently be adverse to Halliburton here.

NOV's prior efforts to intermingle the cases—in direct contradiction of this Court's prior ruling that this case "stands separately until I rule otherwise"—simply ignored these differences.  But these differences may have an impact on the scope and procedure associated with potential consolidation for purposes of discovery.  Because the parties should have a chance to confer on the issues raised by potential discovery consolidation, Halliburton respectfully requests that the Court deny NOV's request for a hearing.  If after good-faith efforts, the parties are unable to work out an agreed-to procedure, NOV could re-raise its request for a call at that time.

Respectfully submitted,

*/s/ Ryan Kane*

Ryan Kane, P.C.