IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 4:23-CV-01789 |
| GRANT PRIDECO, INC., REEDHYCALOG, UK, LTD., REEDHYCALOG, LP, NOV INC., | § § § § | |
| *Defendants.* | § § | |

**NOV'S OPPOSITION TO HALLIBURTON'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO NOV'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: *BRULOTTE* (DKT. 237)**

With credit to Robert Earl Keen, the road goes on forever and the briefing never ends . . . at least that's how Halliburton and Ulterra, who initially complained that NOV sought too many pages of briefing, approach the summary judgment briefing in this case. While the Court has broad discretion to grant leave to file a Sur-Reply, Halliburton and Ulterra's Motion should be denied because they are abusing the Sur-Reply process by addressing arguments that they had ample opportunity to address. NOV did not "raise[] new legal theories or attempt[] to present new evidence at the reply stage." *ICI Construction, Inc. v. Hufcor, Inc*., 2023 WL 2392738 (S.D. Tex. Mar. 7, 2023) (denying leave). The Court—after hearing argument on the appropriate process for dispositive motion briefing in this and the Ulterra case—issued a briefing schedule that did not allow for Sur-Reply briefs and applied strict limits on briefing page limits. Dkt. 181. Because Halliburton has not shown any reason why a Sur-Reply is warranted, the Court should deny Halliburton leave to file a sur-reply.

First, Halliburton seeks to file a Sur-Reply to respond to NOV's alleged claim in Reply that Halliburton must show infringement of licensed foreign patents to invoke *Brulotte.* Dkt. 237 at 1. NOV never made such an argument. At most, NOV's Reply simply responds to Halliburton's effort to dodge the decision in *Nautilus, Inc. v. ICON Health & Fitness, Inc.*, 304 F. Supp. 3d 552 (W.D. Tex. 2018) which allowed collection of royalties based on U.S. sales where no unexpired U.S. patent was infringed. In its Opposition, Halliburton claimed that *Nautilus* was factually distinguishable because in *Nautilus* the unexpired foreign patent was infringed and here the unexpired foreign patents are allegedly not. NOV's Reply pointed that this alleged factual distinction is irrelevant to the legal analysis; if collecting royalties without infringement of U.S. patents is not patent misuse, why would it be patent misuse to collect royalties without infringement of foreign patents. Dkt. 223 at 5 ("Licensees fail to explain how collecting royalties for U.S. sales based on foreign patents absent infringement would constitute per se patent misuse, especially since collecting royalties based on unused U.S. patents is not per se misuse. *Automatic Radio Co. v. Hazeltine*, 339 U.S. 827 (1950)"). But NOV also pointed out that Halliburton presented no evidence that the unexpired foreign patents are not infringed, and Halliburton has the burden of proof on *Brulotte. Id.* If non-infringement of the unexpired foreign patents was critical to defeat NOV's argument, Halliburton should have provided some evidence and should not be allowed to use the Sur-Reply mechanism to supplement the summary judgment record.

Second, Halliburton claims it should be entitled to file a Sur-Reply because NOV's Reply claimed Halliburton did not dispute that the existence of foreign patents "entitles NOV to every cent claimed in disputed royalties." Dkt. 237 at 2. Halliburton misleadingly quotes NOV's Reply. NOV argued that Halliburton did not dispute the following argument made in NOV's Opening Brief: "even if NOV cannot use the licensed U.S. patents to collect royalties and must rely on the

licensed foreign patents, ***the contract language*** entitles NOV to every cent claimed in disputed royalties." Dkt. 223 at 1. This is not a new argument made in NOV's Reply; NOV made the identical argument in its Opening Brief. Dkt. 191 at 8 ("Applying the unambiguous language of the License Agreement, even assuming that *Brulotte* rendered unenforceable Licensees' obligation to pay royalties based on U.S. patents (which is does not, *see infra*, Section V.B), would make no difference because Licensees would still owe all of the royalties based on the existence of the ***foreign*** Licensed RH Patents."). It cannot be a "new" argument to point out in a Reply Brief that a party failed to respond to argument made in the Opening Brief.

Worse, Halliburton's Sur-Reply does not address the alleged "new" argument; it again ignores the contract language. Instead, Halliburton's Sur-Reply engages in an extended discussion of the same cases cited in NOV's Opening Brief, including trying to respond to arguments made in NOV's Opening Brief. For example, the proposed Sur-Reply devotes an extensive discussion to address the fact that *Schieber v. Dolby Lab'ys, Inc*., 292 F.3f 1014 (7th Cir. 2002), fails to discuss the significance of the foreign patents to the *Brulotte* issue. But this was the central argument NOV's Opening Brief made as to why *Schieber* was apropos of nothing on this issue: "In the first case, *Scheiber v. Dolby Labs, Inc*. 293 F.3d 1014 (7th Cir. 2002), the Court did not even discuss the significance of the foreign patent—it merely noted the existence of a Canadian patent. *Id*. at 1016." Halliburton should not be allowed to use the Sur-Reply process to address arguments it had ample opportunity to address—and when NOV cannot respond.

The Court should deny leave to file a Sur-Reply.

Dated: March 31, 2025

*Of counsel*

**MCAUGHAN DEAVER PLLC**
Robert J. McAughan, Jr.
Texas Bar No. 00786096
SDTX 16500
Albert B. Deaver, Jr.
Texas Bar No. 05703800
SDTX 11300
MCAUGHAN DEAVER PLLC
550 Westcott, Suite 375
Houston, Texas 77007
bmcaughan@md-iplaw.com
Phone: (713) 829-3851
adeaver@md-iplaw.com
Phone: (281) 460.2315

Respectfully Submitted,

*/s/ Harry P. Susman*

**SUSMAN GODFREY L.L.P.**
Harry P. Susman
Texas Bar No. 24008875
SDTX 23067
Armando Lozano
Texas Bar No. 24120467
SDTX 372525
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Phone: (713) 651-9366
hsusman@susmangodfrey.com
alozano@susmangodfrey.com

**ATTORNEYS FOR NOV**

4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on all counsel of record via the Court's ECF System on March 31, 2025.

*/s/ Harry P. Susman*
Harry P. Susman
