UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HALLIBURTON ENERGY SERVICES, INC., § § § § Plaintiff, § § VS. § § GRANT PRIDECO, INC., *et al.*, § § § Defendants. § | CIVIL ACTION NO. 4:23-CV-01789 |

## FINAL JUDGMENT

On September 29, 2025, the Court entered an order (Doc. No. 316) granting in part Plaintiff Halliburton Energy Services, Inc.'s ("Halliburton") Motion for Summary Judgment on Count III of Its Complaint (Doc. No. 196). On November 24, 2025, the Court also entered an order (Doc. No. 340) granting in part Halliburton's Motion for Summary Judgment on Defendants Grant Prideco, Inc., ReedHycalog UK, Ltd., ReedHycalog LP, and NOV Inc.'s (collectively, "NOV") Counterclaim Count I. (Doc. No. 259). Based on those orders and the parties' Joint Stipulation on Foreign Patents (Doc. No. 335), **IT IS HEREBY ORDERED THAT**:

1. Judgment is entered in favor of Halliburton and against NOV with respect to Halliburton's Count I.

2. Judgment is entered in favor of Halliburton and against NOV with respect to Halliburton's Count II.

3. Judgment is entered in favor of Halliburton and against NOV with respect to Halliburton's Count III.

4. With respect to Halliburton's Count IV, the Court previously ruled that Halliburton cannot infringe the 12 Core Patents, as that term is defined in the Court's February 13, 2025 order. *See* Doc. No. 200.

5. The remainder of Halliburton's Count IV is moot.

6. Judgment is entered in favor of NOV and against Halliburton with respect to Halliburton's Count V.

7. The parties previously stipulated that U.S. Patent No. 7,568,534 is a Licensed RH Patent, and therefore judgment is entered in favor of NOV and against Halliburton with respect to NOV's Counterclaim Count II.

8. Judgment is entered in favor of Halliburton and against NOV with respect to NOV's Counterclaim Count III.

9. On November 24, 2025, the Court granted summary judgment with respect to NOV's claim in Counterclaim Count I. (Doc. No. 340). This ruling in Halliburton's favor on the '752 Patent Family issue was the last remaining issue in controversy.

10. On the basis of the previously issued orders and the stipulations of the parties, the Court hereby orders that Defendants take nothing from Plaintiff and that Plaintiff's obligations under the License Agreement terminate upon the expiration of the '534 Patent.

SIGNED this 24th day of November, 2025.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE